UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20733-CR-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WHITNEY LIBERAL,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendant Whitney Liberal's Motion to Suppress Statement and Incorporated Memorandum of Law (DE# 106, 11/23/09). On November 24, 2009, this motion was referred to the undersigned by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida. (DE# 109, 11/24/09). Having held an evidentiary hearing on November 30, 2009 and carefully considered the defendant's motion, the court file and applicable law, the undersigned respectfully recommends that Defendant Whitney Liberal's Motion to Suppress Statement and Incorporated Memorandum of Law (DE# 106, 11/23/09) be **DENIED**.

## BACKGROUND

The defendant is charged by indictment with conspiracy to commit access device fraud in violation of Title 18, United States Code, Section 1029(b)(2), use of unauthorized access device in violation of Title 18, United States Code, Section 1029(a)(2), possession of fifteen or more counterfeit or unauthorized access devices in violation of Title 18, United States Code, Section 1029(a)(3) and (2), aggravated identity

theft  in violation of Title 18, United States Code, Section 1028A(a)(1) and (2). See Indictment (DE# 31, 8/27/09). On November 23, 2009, the defendant filed Defendant Whitney Liberal's Motion to Suppress Statement and Incorporated Memorandum of Law (DE# 106). The government filed its response on November 27, 2009. See United States' Response in Opposition to Motion to Suppress (DE# 110, 11/27/09).

On November 30, 2009, the undersigned held an evidentiary hearing. The government presented the testimony of Officer Ericson Harrell and Secret Service Special Agent Kevin Dupree. The defendant did not call any witnesses. The following exhibits were admitted into evidence: Government's Exhibits 1 through 3. The defendant did not introduce exhibits at the suppression hearing.

## FACTS

On the night of August 11, 2009 and the early morning of August 12, 2009, Officer Ericson Harrell was on patrol in the City of North Miami Beach, Florida. Officer Harrell observed a vehicle with excessively dark tinted windows. Officer Harrell proceeded to stop the vehicle. Officer Harrell obtained the driver's consent to search the vehicle. Officer Harrell asked the occupants sit at the rear of the vehicle while he conducted the search. Officer Harrell did not threaten the occupants or have his weapon drawn. During the search, Officer Harrell observed a wallet inside the unlocked glove compartment. Officer Harrell opened the wallet looking for drugs. Inside the wallet, Officer Harrell found several pieces of identification that did not correspond to the occupants of the vehicle. The defendant's identification was also in the wallet. Officer Harrell asked the defendant about the wallet. The defendant advised Officer Harrell that it was his wallet but denied having knowledge of the identification cards

inside the wallet.

After determining that two credit cards found inside the vehicle had been re-encoded, Officer Harrell placed the defendant under arrest for possession of fraudulent credit cards. The defendant was transported to the North Miami Beach Police Department and placed in a holding cell. Special Agent Kevin Dupree subsequently took the defendant to an interview room. Special Agent Dupree read the defendant his Miranda rights and the defendant read those rights along with him. See Government's Exhibit 1. The defendant agreed to waive his Miranda rights and provide a statement. Special Agent Dupree observed the defendant's demeanor. The defendant appeared a little nervous but was not agitated. The defendant told Special Agent Dupree that he was attending college. The defendant did not appear to be intoxicated. The defendant was not handcuffed. Special Agent Dupree did not have a weapon drawn and did not make promises, coerce or threaten the defendant into making any statements. After waiving his Miranda rights, the defendant told Special Agent Dupree that he had obtained the credit cards from another individual.

## ANALYSIS

The undersigned issued the following ruling from the bench. As to the statement made by the defendant prior to his arrest, the undersigned found the defendant's statement to Officer Harrell was voluntary and was not the product of a custodial interrogation, or its functional equivalent. The defendant was detained pursuant to a lawful traffic stop. No guns were drawn and Officer Harrell did not threaten the defendant. Although the defendant was told to sit at the back of the vehicle and was not free to leave, the circumstances did not amount to the functional equivalent of a

custodial interrogation. <u>Rhode Island v. Innnis</u>, 446 U.S. 291, 300-301 (1980) (noting

that "<u>Miranda</u> safeguards come into play whenever a person in custody is subjected to

either express questioning or its functional equivalent."); <u>United States v. Street</u>, 472

F.3d 1298, 1310 (11th Cir. 2006) (noting that  "a person is in 'custody' for <u>Miranda</u>

purposes only when there is a formal arrest or restraint on freedom of movement of the

degree associated with a formal arrest.").

  The undersigned further found that the post-<u>Miranda</u> statements made by the

defendant were knowing and voluntary. The validity of the waiver depends upon the

particular facts and circumstances surrounding the case, including the background,

experience and conduct of the accused. <u>Edwards v. Arizona</u>, 451 U.S. 477, 482 (1981).

The defendant was properly advised of his <u>Miranda</u> rights, understood his rights and

voluntarily agreed to provide a statement to the police. The defendant was provided

with a form containing his <u>Miranda</u> rights by Special Agent Dupree. <u>See</u> Government's

Exhibit 1. Special Agent Dupree read those rights out loud and the defendant read

along with him. The defendant agreed to waive each right.  The defendant told Special

Agent Dupree that he was a college student. The defendant did not appear intoxicated

and appeared to understand his rights. Special Agent Dupree did not coerce or threaten

the defendant into making the statements. The defendant was not handcuffed. He was

a little nervous but was not agitated. Under the circumstances, the defendant

voluntarily, knowingly, freely and intelligently waived his <u>Miranda</u> rights. <u>United States v.</u>

<u>Lopez-Garcia</u>, 565 F.3d 1306, 1319 (11th Cir. 2009). Based on the foregoing, it is

recommended that the defendant's post-<u>Miranda</u> statements not be suppressed.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Defendant Whitney Liberal's Motion to Suppress Statement and Incorporated Memorandum of Law (DE# 106, 11/23/09) be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1)(B) and (C), the parties may serve and file written objections to this Report and Recommendation with the Honorable Patricia A. Seitz, United States District Judge, before **Thursday, December 3, 2009**.[1] See Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). **A party filing an objection to this Report and Recommendation shall order a transcript of the suppression hearing and promptly provide a copy to the district court.**

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **30th** day of November, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All Counsel of Record

---

[1] The matter is set for trial on December 7, 2009. The parties should file any objections to this Report and Recommendation before that date.