UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20733-CR-SEITZ

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

**WHITNEY LIBERAL,**                   **REPORT AND RECOMMENDATION**

        **Defendant.**

_____/

On or about April 21, 2010, court-appointed defense counsel Albert Z. Levin ("Counsel") submitted a voucher application numbered FLS 09 2633 requesting $15,546.50 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted detailed time sheets in support of his voucher application. Counsel represented Defendant Whitney Liberal ("Defendant") for approximately six (6) months from his appointment on January 21, 2010 until April 22, 2010.

Counsel seeks $15,546.50 in his application, an amount which exceeds the $9,7000.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 223]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration
## of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

## This Case Was Complex

Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended.  This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case.  This case commenced when the government filed a Criminal Complaint **[DE # 1]** against Defendant and three co-defendants.  A few days later, the government later filed an Amended Complaint **[DE # 18]** against these same defendants.  Ten (10) days after filing the Amended Complaint, Defendant was indicted by the grand jury. **[See DE # 31]**.

The Indictment contained seventeen (17) counts.  The government alleged that Defendant and three codefendants were involved in a conspiracy to commit access device fraud.  The government further alleged that Defendant knowingly and with intent to defraud, possessed and used an access card to obtain items of more than $1,000.00 in value. Defendant was also alleged to have conspired to possess means of identification belonging to others in order to commit access fraud.  Defendant  faced a maximum sentence of five (5) years imprisonment for Count I, ten (10) years imprisonment for Counts II, ten (10) years imprisonment for Count III and a term of two (2) years consecutive to any other sentence for Counts IV through XVII.

Second, the representation of Defendant required Counsel to engage in extensive motion practice and attend a number of hearings in this case.  Plaintiff filed a number of

motions before the trial in this case.  Specifically, Counsel filed a Motion For Modification of Bond **[DE # 42]**, Motion to Adopt Defendant Stanley Dumervil's Motion to Suppress Evidence **[DE # 53]**, Motion For Continuance **[DE # 84]**, Objection to Report and Recommendations **[DE # 87]**, Motion to Suppress Statement **[DE # 106]**, a Statement of Defendant With Respect to Sentencing Factors **[DE # 162]** and a Motion to Continue Sentencing **[DE # 168]**.

Further, unlike the average case, the Court held a number of hearings in this case: two bond hearings (8/21/09 and 12/18/09), a suppression hearing (10/13/09) and a motion to suppress statement (11/30/09).  Counsel argued at these hearings in addition to appearing at calendar calls, status conferences and the arraignment.

Third, this case was more complex than the average case because Defendant pled not guilty and proceeded to trial.  The trial took place from December 8, 2009 through December 14, 2009.  At the conclusion of the trial, the jury found Defendant guilty as to Counts I, II, IV, V and VI. **[See DE # 149]**.  The jury determined that Defendant was not guilty on Counts III, VII to XVII. **[See DE # 149]**.  The Court originally entered Judgment against Defendant on March 9, 2010 **[See DE # 193]** but later entered a Second Amended Judgment **[DE # 220]**.  Defendant was sentenced to a total term of sixty (60) months. **[See DE # 201]**.  Defendant stipulated to restitution in the amount of $1,629.59.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case.  As I have concluded that the representation provided by Counsel was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of

the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 47.9 in-court hours totaling $5,813.50. The CJA administrator made no changes to the number of in-court hours claimed by Counsel but specified that Counsel sought compensation for 44.6 hours at the rate of $110.00 per hour and 3.3 hours at the rate of $125.00 per hour.

The CJA administrator also reviewed the $9,582.50 Counsel billed for out-of-court hours. The CJA administrator reviewed the voucher and allocated the out-of-court hours sought as follows: 29.6 hours for "Interviews and conferences" and 46.10 hours for "Obtaining and reviewing records". Counsel also sought compensation for 10.20 hours for "Legal research and brief writing" and 4.5 hours for "Investigative and Other work." Counsel further sought $150.50 in "Travel Expenses"

The CJA administrator made two changes to the out-of-court hours listed in the voucher. The CJA administrator slightly decreased the total number of hours spent in "Obtaining and reviewing records" to 43.4 hours (a decrease of 2.7 hours) and reallocated 4.5 hours to the category "Investigative and other work" (moved from the "Other" category). The CJA administrator also reduced the amount of expenses sought by Counsel in the category "Travel Expenses" to $139.50 (from $150.50). After making the above described adjustments, the CJA administrator concluded that the total amount sought by Counsel decreased to $15,238.50 from $15,546.50.

## In-Court Hours[1]

Counsel sought a total of $5,813.50 for 47.9 in-court hours.  The CJA administrator made no correction to this calculation.  I approve this amount as reasonable.

## Out-of-Court Hours

In the voucher, Counsel sought $9,582.50 for 85.9 out-of-court hours.  The CJA administrator reviewed the voucher and corrected the amount of time Counsel listed in the voucher for the category "Obtaining and reviewing records", slightly decreasing the number to 43.4 hours (from 46.10 hours).  The CJA administrator also correctly noted that Counsel improperly listed 4.5 hours of his time in the "Other" category when such time properly belonged in the "Investigative and other work" category.  Lastly, the CJA corrected the total amount of compensation Counsel sought for out-of-court hours to $9,780.50 (from $9,582.50).

Although the majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries.  Following submission of his voucher, I questioned Counsel about these entries.  Counsel submitted a Letter of Explanation dated August 6, 2010 ("Letter of Explanation") wherein he clarified the nature and purpose of these particular entries and voluntarily reduced the time listed for one entry.

Only one troublesome entry remains and I recommend that the entry be eliminated:

    8/21/09        "Conference with client's family"        2.5 hours

---

[1]

The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provides that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." This entry is not compensable under the CJA because it was unrelated to the litigation of the case. Time spent "holding the hand" of Defendant's family is not compensable under the CJA as it is time that did not contribute to Defendant's defense. Accordingly, Counsel should not be compensated for the 2.5 hours Counsel spent in conference with Defendant's family. This mandates a reduction of $275.00.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions and Counsel's deduction,[2] I recommend that Counsel should be paid $9,494.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar*, 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have

---

[2]   In his August 6, 2010 letter, Counsel voluntarily reduced one of his time entries from 0.2 hours to 0.1 hour (entry is listed on the voucher as "10/15/09 Review motion of co-defendant 0.2 hours").

explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $9,494.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $150.50 in "Travel Expenses." The CJA administrator decreased the amount of "Travel Expenses" to $139.50. I approve the CJA administrator's correction and approve the amount of $139.50.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith*, 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making these recommendations for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full

compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case.  Based upon my review of the time sheets, the August 6, 2010 Letter of Explanation, the docket and filings in this case, I RECOMMEND that Counsel be paid $14,952.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this __16th__ day of August, 2010.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

    Albert Levin, Esq.
    Lucy Lara, CJA administrator